UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASVILLE INVESTMENTS, LTD,
et al.,

    Plaintiffs,

vs.                                                                         Case No. 13-cv-61596-WPD

JASON M. KATES, et al.,

    Defendants.
_____/

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT; CLOSING CASE

THIS CAUSE is before the Court on the Agreed Motion for Settlement [DE 90] filed by the parties on January 15, 2014 (the "Motion") and pursuant to the Order Preliminarily Approving Motion for Settlement and Setting Settlement Hearing [DE 94] entered on January 16, 2014 (the "Order").

Casville Investments, Ltd., MBC Investment SA, and Watkins International, Ltd., individually and derivatively on behalf of Nominal Defendant Argo Digital Solutions, Inc. ("Argo"), collectively "Plaintiffs," and Jason M. Kates ("Kates"), Richard J. Sullivan ("Sullivan"), David A. Loppert ("Loppert"), World Capital Markets, Inc. ("World"), Solutions, Inc. ("Solutions"), rVue Holdings, Inc. ("rVue"), John Does 1-20, and Argo as Nominal Defendant, collectively "Defendants," have entered into an agreement and stipulation (the "Settlement Agreement") which sets forth the terms and conditions for the proposed settlement (the "Settlement") of the above-captioned shareholder-derivative litigation, subject to review and approval by this Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.

1

Plaintiffs filed a complaint in the United States District Court for the Southern District of New York on September 12, 2012.

Defendants Loppert, Sullivan, World and Solutions moved to dismiss the complaint on personal jurisdiction grounds and/or to transfer the case for lack of venue on November 19, 2012. On January 17, 2013, defendant Kates joined in that motion. On December 21, 2012 defendant rVue moved to dismiss the complaint against it: (1) for lack of personal jurisdiction and/or to transfer of the case for lack of venue; and, (2) for failure to state a claim pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure and for failure to plead with specificity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

The United States District Court for the Southern District of New York denied the Defendants' respective motions to dismiss the complaint, but granted their motions to transfer the case to this Court on July 8, 2013.

Plaintiffs and Defendants began settlement discussions shortly thereafter, and entered into the Settlement Agreement in November 2013.

Plaintiffs and Defendants filed the Motion, in response to which the Court entered the Order. The Order required the Plaintiffs to provide written notice of the Settlement Agreement to the shareholders of Argo in the form of the Notice of Pendency and Proposed Notice of Settlement of Shareholder Derivative Litigation (the "Notice") attached to the Motion. The Court finds that the Plaintiffs provided such written notice in accordance with the Order by mailing a copy of the Notice to all Argo shareholders by United States First Class Mail on January 23, 2014 and filing a copy of the Notice with the Court by ECF on January 24, 2014.

No Argo shareholders have filed an objection to the proposed Settlement by the March 21, 2014 deadline set by this Court.

The Court having held a Settlement Hearing on April 4, 2014, and having read and considered the Settlement Agreement and the exhibits thereto, including the Notice, and finding that substantial and sufficient grounds existed to enter the Order, it is hereby **ORDERED AND ADJUDGED** as follows:

1. This Court approves the settlement of the parties on the terms set forth in the Settlement Agreement as compliant with the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, and determines that the Settlement is fair, adequate and reasonable and not the product of collusion between the parties. Pursuant to the factors enumerated in Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984), the Court finds:

    a. *The likelihood of success at trial.* Given the complexity of the claims asserted in this action, both Plaintiffs and Defendants believe that they each face significant risk at trial, their respective likelihood of success was difficult to assess, and that settlement is in the best interest of all parties involved.

    b. *The range of possible recovery.* Plaintiffs initially demanded $5 million in damages. The defendants denied any wrongdoing and it is their position that the Plaintiffs were not entitled any monetary damages.

    c. *The point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable.* Plaintiffs sought at least $800,000 which represented a return of their direct investment into Argo. While Plaintiffs maintain that their claims have merit, they agreed to compromise their claims after engaging in

      document discovery and conducting further analysis of the claims and the risks associated with proceeding to trial.

   d. *The complexity, expense and duration of litigation.* This is a complex case that has been pending since September 2012, first in the United States District Court for the Southern District of New York, and later transferred to this Court. There remained significant discovery to complete, including all fact witness depositions, and possible motion practice by the parties. If the case continued, the parties also would be required to travel internationally, which would increases their expenses significantly. At minimum, it would have taken at least an additional six months and hundreds of attorney hours to complete pretrial matters and conduct a trial.

   e. *The substance and amount of opposition to the settlement.* No Argo shareholder has opposed the proposed settlement.

   f. *The stage of proceedings at which the settlement was achieved.* Settlement was reached during the discovery process during which time the parties were able to make an informed decision that settlement was in the best interest of the parties and Argo since the expense of the remaining discovery, motion practice, pre-trial procedures and the trial itself would likely significantly outweigh the possible recovery at trial.

2. Upon the date of this Order, Plaintiffs and Defendants shall take the acts required by them respectively pursuant to the Settlement Agreement.

3. The Court retains exclusive jurisdiction over this matter to enforce the terms of the Settlement Agreement.

4. The Clerk is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 4th day of April, 2014.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge